__MARIA CRUZ MUNIZ__,
PETITIONER

VS.

__UNITED STATES OF AMERICA__,
RESPONDENT

---

MOTION PURSUANT TO 28 U.S.C. §2255 TO VACATE
SET ASIDE SENTENCE IN LIGHT OF RETROACTIVE
EFFECT OF THE CLARIFYING AMENDMENT (794)

---

COMES NOW, the petitioner in this matter, __Ms. Maria Cruz-Muniz__, proceeding pro se at this juncture, respectfully asks of this Honorable Court, to vacate her sentence in the aforementioned docketed case, as the sentence imposed does not reflect the relief awarded to those offenders, having a 'minor role' in their respective conspiracys. In furtherance she states the following:

> The Ninth recently decided in __United States v Quintero-Leyva, 2016 WL 2865713(9th Cir. 2016)__, that the lower court erred in its denial of not allowing a departure in sentence, based on the minimal participation of Quintero-Leyva. __§3B1.2__, requires that the sentencing court, review criteria set forth, to ascertain whether or not the defendant standing before them, had a less culpable role in the respective conspiracy. If the defendant meets the criteria, then the court in its discretion, cán grant a sentencing departure, of up to (4) levels, to the defendant.

Many a Court has neglected to consider the factors set forth under §3B1.2, creating a sentencing disparity, as it relates to the granting of departures in sentencing. The petitioner in this case was a mere 'peon' in the entire scheme, and was deserving of consideration for the provision. Amendment (794) merely clarifies what the courts should be doing, as there seems to be non-uniformity amongst the circuits, when it comes to the imposition of sentences, without the benefit of considering the 'minor role relief provision'.

Ms. Cruz-Muniz, by not being accorded the opportunity to receive siad consideration and relief, comes today, requesting that this court review her role, and grant the hereto motion, as she qualifies.

## CASE SUMMARY:

Shortly after November 19, 2013, the grand jury for the Western district of Missouri, handed down a federal indictment, charging the petitioner, among others, will violating federal drug statutes.

After pleading guilty to violating 21:841(a)(1), (b)(1)(a), and 846, conspiracy to distribute more than (5)) grams of Methamphetamine, a sentence of (70) months was imposed on October 22, 2014. The petitioner has not appealed or filed a petition for writ of cert for this conviction.

She comes now, seeking relief in light of retroactive applicability of amendment (794), made available through Quintero-Leyva.

The role that Ms. Cruz-Muniz played, compared to the other cohorts was minimal. She did not partake in a greater amount of the spoils. She was not a leader/Organizer in the conspiracy. She was merely paid to perform a role. She qualifies for consideration, as her role can be considered 'minor' compared to the others. She respectfully asks that this Honorable Court consider the hereto motion on its merits and grant her relief.

3.

Amendment 794) under §3B1.2 took effect November 1, 2015, therefore allowing those offenders the opportunity to file for relief up to November 1, 2016. Under §3B1.2, all factors must be considered in order to ascertain whether or not a defendant qualifies for the minor role.

The amendment generally adopted the approach of this Court and the Seventh Circuit, stating that when a district court conducts an assessment of whether a defendant should receive a role reduction, "the defendant is to be compared with the other participants" in the crime, not with a hypothetical average participant.

When filing for relief on said amendment, the Court will look at whether or not a petitioner has already filed for collateral review in prior proceedings. If that is the case, there are exceptions to the rule. In Insignares v Sec'y, Fla Dept of Corr, 2014 U.S. App Lexis 11788, at *18 -*19(11th Cir. June 23, 2014), second-in-time petition was not "second or successive" because intervening resentencing by the Court resulted in a new judgement, and the 2011 petition is [prisoner's] first federal challenge to the new judgement. When a habeas petition is the first to challenge a new judgement, it is not "second or successive" regardless of whether its claims challenge the sentence or the underlying conviction."

The Supreme Court's practice of safeguarding the availability of a meaningful opportunity for at least one full round of federal postconviction review is equally apparent in the following rulings on various aspects of AEDPA. See Castro v U.S, 540 US 375 (2003).

4.

In Slack v McDaniel, the state asked the Court to construe the certificate of appealability provision-which conditions the issuance of a certificate upon a "substantial showing of the denial of a constitutional right." [28 USC 2253(c)(2)(2006) (emphasis added)-to limit appeals to "constitutional" rulings and thereby forbid the issuance of a certificate of appealability when a district court denies a petition on procedural grounds without reaching the underlying constitutional claim.

The Court "rejected this interpretation" because of its obviously deleterious effect on the writ's ability to fullfill its "vital role in protecting constitutional rights." 529 U.S. at 483. For discussion of the standard the Court adopted for issuance of certificate of appealability in cases of this sort, see infra §35.4b.n32.

In Miller-El v Cockrell, 537 U.S. 322(03), the Court held that the 5th Circuit had eluded two seperate stages of the process-determination whether to issue a COA and the assessment of the merits(id at 335-36). Deciding the substance of an appeal in what should only be a threshold inquiry, undermines the concept of a COA". id at 342. A claim can be debateable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

So to summarize, the petitioner, not having received a minor role in her case, comes now, respectfully asking this court to consider the culpability she had within the crime, and the disparity of sentences amongst the other participants. The petitioner not having received an enhancement under the leader/organizer/managerial provision, is deserving of a reduction of sentence for her minimal participation.

Therefore, Ms. Cruz-Muniz respectfully asks that this Court consider the hereto motion, and grant relief, as she qualifies under the provisions set forth under §3B1.2. When one thinks about it, this amendment is really an extention of what the Sentencing Commission has been feverently trying to do, as it relates to easing the burden on the prison system, by giving relief to those offenders who received harsh sentences without the benefit of culpability, as to their sole role.

Thank you.

Respectfully submitted,

*Maria Griselda Cruz Muniz*

CERTIFICATE OF SERVICE:

I, Maria Cruz-Muniz hereby state under the penalty of perjury that the hereto motion was placed in the prison mailbox on 7/28/2016, and sent to the following parties:

U.S. District Court, Clerk of Courts

222 North John Q Hammons Parkway, Room 1400

Springfield, MO 65806-2515

*Maria Cruz Muniz* dated: 7-28-2016

Maria Cruz-Muniz
# 47728-177
FCI Aliceville
PO Box 4000
Aliceville, AL 35442

⇔47728-177⇔
Maria Griselda Cruz
Federal Correctional inst
PO BOX 4000
Aliceville, AL 35442
United States



REC'D AUG 05 2016

PRIS PRO SE

65806-255950

⇔47728-177⇔
U S Court House
222 N JOHN Q Hammons PKWY
ROOM #1400
Springfield, MO 65806-2515
United States